COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-490-CR
  
  
ADRIAN 
THADDEUS WILSON                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        In 
four issues, Appellant Adrian Thaddeus Wilson appeals his aggravated robbery 
conviction, claiming that 1) the trial court erred in allowing hearsay 
testimony, 2) allowing the hearsay testimony was reversible error, 3) his 
constitutional right to confrontation was violated, and 4) such violation 
constitutes reversible error.  We affirm.
Factual 
Background
        On 
March 23, 2003, Aron and Kristyle Webb returned home from a friend’s birthday 
party.  At 1:30 a.m., Fort Worth Police received a dispatch to the Webbs’ 
home concerning a robbery.  Aron told police that a car pulled next to him 
when he pulled into the driveway and that a man got out asking for 
directions.  The man pulled out a revolver when Aron approached the car to 
give him directions.  He pointed the revolver at Aron and said, “Give me 
your wallet.”  Aron threw the cup of soda he was holding in the man’s 
face and took off running.  Several days later Aron identified the man 
during a photospread shown to him by the Fort Worth Police Department.
        A 
few days after the incident, Officer T.G. Shelton saw a car that matched the 
description given by Aron.  Appellant was the driver of that car, and he 
also matched the physical description given by Aron.  Once Appellant 
realized that Officer Shelton was following him, he stopped the car, put his 
head out of the window, and asked, “Why are you following me?  You keep 
following me.”  The officer then told Appellant to get out of the car, 
but instead of exiting the car, Appellant accelerated and took off.  The 
car eventually jumped the curb and came to a stop, and Appellant and two others 
in the car took off running through a field.
        Officers 
M.G. Middleton and B.D. Halford testified that while they were at the scene 
where the car chase ended, Shanitra Thompson, whom police later learned was 
Appellant’s girlfriend, approached them.  Both testified that Thompson 
appeared to be upset, nervous, and looked like she was about to cry.  
Thompson inquired about what happened to the car and passengers that were in the 
car.  Initially, she told police the car had been stolen.  She then 
told police that she was the girlfriend of the driver of the car and that his 
initials were A.D. Thompson gave Appellant’s wallet, which contained a piece 
of paper with her name and number, to Officer Middleton.  The police 
eventually arrested Appellant on April 5, 2003 in Dallas.
Confrontation 
Clause
        In 
his first and second issues, Appellant contends that the trial court erred in 
allowing testimony over his hearsay objections regarding Thompson’s statements 
about the incident and that admitting the statements was reversible error 
because it affected one of his substantial rights. In his third and fourth 
issues, Appellant complains that allowing the hearsay testimony violated his 
constitutional right to confront Thompson and was reversible error.  The 
State responds that Thompson’s statements indicate that she was under stress 
when she spoke to the police and that the trial court properly admitted the 
statements as excited utterances.  Defense counsel objected to the 
testimony, and the trial court overruled the objection.
        The 
admission of hearsay evidence against a criminal defendant implicates the 
Confrontation Clause of the Sixth Amendment because the defendant is not 
afforded the opportunity to confront the out-of-court declarant.  U.S. Const. amend. VI.  The central 
point in this case is whether a non-testifying witness’ self-initiated 
statements made to police officers during the investigation of a crime is 
admissible against the defendant.  Therefore, the first issue we must 
address is not whether Thompson’s statements should have been admitted under 
the rules of evidence but whether the admission violated Appellant’s Sixth 
Amendment right to confrontation. In deciding this constitutional issue, we 
review the trial court’s ruling de novo.  See Muttoni v. State, 25 
S.W.3d 300, 304 (Tex. App.—Austin 2000, no pet.).
        At 
the time of Appellant’s trial, a Sixth Amendment challenge to the 
admissibility of an out-of-court statement against the accused was governed by Ohio 
v. Roberts.  448 U.S. 56, 66, 100 S. Ct. 2531, 2539 (1980), overruled 
in part by Crawford v. Washington, 124 S. Ct. 1354, 1369 (2004).  In Roberts, 
to avoid a violation of the Confrontation Clause, hearsay must fall within a 
firmly rooted hearsay exception or must contain particularized guarantees of 
trustworthiness such that cross examination would probably add little, if 
anything, to the reliability of the evidence.  Id.  This 
standard was applied in several subsequent noteworthy decisions.  See 
Lilly v. Virginia, 527 U.S. 116, 119 S. Ct. 1887 (1999) (holding 
co-defendant’s confession incriminating defendant was not within a firmly 
rooted exception to the hearsay rule under Roberts standard); see also 
Idaho v. Wright, 497 U.S. 805, 110 S. Ct. 3139 (1990) (holding evidence must 
be “so trustworthy that adversarial testing would add little to its 
reliability”).  The Supreme Court overruled Roberts and set out a 
new test prohibiting the admission of “testimonial” statements when the 
witness is unavailable unless the defendant had the opportunity for 
cross-examination.  Crawford, 124 S. Ct. at 1369.  Now, 
different analyses apply to nontestimonial hearsay and testimonial 
hearsay.  See id. at 1374.  The court held that
  
[w]here nontestimonial hearsay is at issue, it is wholly consistent with the 
Framers’ design to afford the States flexibility in their development of 
hearsay law—as does Roberts, and as would an approach that exempted 
such statements from Confrontation Clause scrutiny altogether.  Where 
testimonial evidence is at issue, however, the Sixth Amendment demands what the 
common law required:  unavailability and a prior opportunity for 
cross-examination.
 
Id.; 
see also Barela v. State, No. 08-02-00492-CR, 2004 WL 2192604, at *6 
(Tex. App.—El Paso Sept. 30, 2004, no pet. h.) (not designated for 
publication).  According to Crawford, the use of the Roberts 
test has caused rationale of the Supreme Court’s cases to depart from the 
original intent of the framers of the Constitution.  124 S. Ct. at 
1359-63.  Crawford declares that the Roberts test is too 
broad because it applies the same analysis whether the out-of-court statement is 
testimonial or not and too narrow because it admits ex parte testimonial 
statements “upon a mere finding of reliability.”  Id. at 
1369.  Crawford contends that the Roberts test is 
inappropriate not only because its results were unpredictable, but also because 
its application allowed testimony the Confrontation Clause clearly meant to 
exclude.  Id. at 1371-72.
        The 
threshold question imposed by Crawford is whether the proffered 
out-of-court statement is “testimonial” in nature.  Id. at 
1364.  Although the Supreme Court declined to define “testimonial,” it 
identified certain categories that fall under the heading of testimonial 
statements, specifically, “ex parte in-court testimony or its functional 
equivalent, . . . extrajudicial statements contained in formalized testimonial 
materials, . . . [and] statements that were made under circumstances which would 
lead an objective witness reasonably to believe that the statement would be 
available for use at a later trial.”  Id.  According to Crawford, 
these types of statements bear the closest kinship to the abuses at which the 
Confrontation Clause was directed.  Id.  If the out-of-court 
statement is determined to be testimonial in nature, the Sixth Amendment 
requires that the witness be unavailable and that the defendant had a prior 
opportunity for cross-examination.  Id. at 1374.
        We 
turn to the statements made by Thompson at the scene of the incident and address 
whether her out-of-court statements are testimonial in nature.  The Crawford 
analysis applies to out-of-court testimonial statements by a declarant who is 
not available at trial.  Thompson was not called to testify at trial and 
the objected-to evidence consisted of out-of-court statements.  Thus, the 
only issue is whether the statements at issue were testimonial in nature.  
We conclude that Thompson’s statements were nontestimonial and that Crawford 
has no application here.[1]
        A 
number of factors support this determination.  First, Thompson initiated 
the interaction with the officers; the police did not seek out Thompson.  
She approached the police at the scene where her car had been wrecked and 
abandoned.  Second, her statements to the police were made in the course of 
her inquiring about her car and the occupants that were missing from the 
car.  The officers at the scene testified that when Thompson approached 
them she seemed nervous and visibly upset.  She was in no way being 
interrogated by them, and any questions posed to her by the police were in the 
context of answering her questions and determining why she was upset.  
Third, she was not responding to tactically structured police questioning as in Crawford 
where Miranda warnings had been issued, but was instead seeking 
information about her vehicle that was visibly damaged and the whereabouts of 
the individuals missing from the car.  The police were not questioning her 
regarding known criminal activity and did not have any reason to know her 
relationship to the driver of the car until she told officers that she was 
Appellant’s girlfriend and handed his wallet to Officer Middleton.  
Considering all of these facts set out in the record, we conclude that the 
statements made by Thompson to Officers Middleton and Halford were not made 
during police interrogation triggering the cross-examination requirement of the 
Confrontation Clause as interpreted by the court in Crawford.  See 
Cassidy, No. 03-03-00098-CR, 2004 WL 1114483, at *4.  Nor did 
Thompson’s statements in any other way constitute a “testimonial” 
statement.  See id.  Accordingly, we overrule Appellant’s 
third and fourth issues.
Hearsay Excited 
Utterance
        Because 
Thompson’s statements were nontestimonial in nature, we turn to Appellant’s 
first and second issues to determine if the statements fall within any hearsay 
exception.  See Tex. R. Evid. 
803(2).  In his first and second issues, Appellant contends that the trial 
court erred in allowing testimony over his hearsay objections regarding 
Thompson’s statements about the incident and that admitting the statements was 
reversible error because it affected one of his substantial rights.
        Whether 
an out-of-court statement is admissible under an exception to the general 
hearsay exclusion rule is a matter within the trial court’s discretion.  Zuliani 
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  We review a trial 
court’s ruling admitting testimony under an abuse of discretion standard. Salazar 
v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App.), cert. denied, 534 
U.S. 855 (2001).  Therefore, we will reverse only if the trial judge’s 
decision was “so clearly wrong as to lie outside the zone within which 
reasonable persons might disagree.”  See Cantu v. State, 842 
S.W.2d 667, 682 (Tex. Crim. App. 1992).  The appellate court’s role is 
limited to determining whether the record supports the trial court’s ruling. Coffin 
v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).
        The 
Texas Rules of Evidence define hearsay as “a statement, other than one made by 
the declarant while testifying at the trial or hearing, offered in evidence to 
prove the truth of the matter asserted.” Tex. R. Evid. 801(d).  The rules of 
evidence provide an exception to the hearsay rule for excited utterances. Tex. R. Evid. 803(2).  The 
definition of an excited utterance is “[a] statement relating to a startling 
event or condition made while the declarant was under the stress of excitement 
caused by the event or condition.”  Id.  The foundation of 
this exception is the belief that the statements made are involuntary and do not 
allow the declarant an adequate opportunity to fabricate, ensuring their 
trustworthiness.  Reyes v. State, 48 S.W.3d 917, 919 (Tex. 
App.—Fort Worth 2001, no pet.).  In order to determine if a statement 
qualifies as an excited utterance, the court must determine if the declarant 
“was still dominated by the emotions, excitement, fear, or pain of the 
event.”  Zuliani, 97 S.W.3d at 596.  The critical factor to 
look at is whether the surrounding circumstances indicate that the utterance 
resulted from impulse rather than from reason and reflection.  Id.
        In 
the present case, the evidence showed that Thompson made the statements within a 
short time frame from seeing her abandoned and wrecked car and speaking to 
officers at the scene.  It was clear from the scene that the car had been 
in some type of accident and that the driver was missing from the car.  
Both Officers Middleton and Halford testified that when Thompson approached 
them, she seemed upset, nervous, and looked like she was about to cry.  She 
asked numerous questions about the wrecked car and the individuals that were 
missing from the car.  She initially told police that the car had been 
stolen and then in the same conversation told them that the driver was her 
boyfriend and that she had lent it to him.  Based on Thompson’s 
relationship to Appellant, her apparent concern for the vehicle and occupants, 
testimony as to her emotional state when the statements were made, and the 
conflicting statements made at the scene, the record supports the trial 
court’s admission of Thompson’s statements.  A reasonable person could 
conclude that Thompson made the statements while under stress, fear, or 
excitement from seeing her car wrecked, abandoned, and surrounded by police 
officers, knowing that she had lent the car to her boyfriend.  See Cantu, 
842 S.W.2d at 682.  Because the trial court properly admitted the 
statements, we overrule Appellant’s first and second issues.
Conclusion
        Having 
overruled Appellant’s four issues on appeal, we affirm the trial court’s 
judgment.
  
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
   
 
PANEL 
F:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.
 
PUBLISH
 
DELIVERED: 
November 4, 2004


NOTES
1.  
See Cassidy v. State, No. 03-03-00098-CR, 2004 WL 1114483, at *4 (Tex. 
App.—Austin May 20, 2004, pet. ref’d) (holding that an interview of a 
witness by a police officer at a hospital, shortly after an assault, did not 
constitute interrogation as the term is used in Crawford).  But 
see Wall v. State, 143 S.W.3d 846, 851 (Tex. App.—Corpus Christi 2004, no 
pet.) (disagreeing with holding in Cassidy in similar fact situation).